# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| JOSEPH AUGUSTINE | CIVIL ACTION NO. 06-1422 |
|---|---|
| VS. | SECTION P |
| WARDEN WINN CORR. CENTER | JUDGE DOHERTY |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed on August 18, 2006 by *pro se* petitioner Joseph Augustine pursuant to 28 U.S.C. §2254. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, currently incarcerated at the Winn Corrections Center, Winnfield, Louisiana. Petitioner is serving a 25-year sentence for armed robbery following a 2004 conviction in the Sixteenth Judicial District Court, St. Martin Parish.

Before the court is the petition [doc. 1-1], an amended petition [doc. 7], a memorandum [doc. 1-2], exhibits [doc. 7], and a Motion for Appointment of Counsel. [doc. 5]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons, it is recommended that the petition be **DENIED** and **DISMISSED** as procedurally defaulted. For the same reasons, an order will be entered denying petitioner's Motion for Appointment of Counsel [doc. 5].

## *Background*

Petitioner's trial for armed robbery commenced on March 31, 2004. [doc. 7, p. 51] On April 1, 2004 petitioner was found guilty as charged. [*id*., p. 52] On May 13, 2004 he was

sentenced to serve twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence. [*id.*, p. 53]

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals. On January 28, 2005, court-appointed appellate counsel filed a brief [doc. 7, pp. 13-22] arguing three claims for relief in two formal assignments of error –

> The guilty verdict is tainted by reversible error because the State relied on prior arrests, not convictions, as proof that Joseph Augustine used a knife in the robbery charged by the State.
>
> The sentence of 25 years at hard labor is unconstitutionally excessive where the offense was more like a purse snatching than an armed robbery. [doc. 7, p. 16]

In support of the first assignment of error, petitioner argued,

> Joseph Augustine denied that he had a weapon, and the prosecutor said during cross examination that was the only issue. Defense counsel failed to object as the D.A. went through a list of arrests on cross examination. These arrests were extremely prejudicial because the ultimate disposition was always a less serious offense without a weapon. [doc. 7, pp. 17-18 (citations to record omitted)]

Petitioner then argued that this evidentiary ruling was contrary to the provisions of La. C.E. art. 609.1 as interpreted by *State v. Jackson*, 98-277 (La. App. 3 Cir. 2/3/99), 734 So.2d 658, and *State v. Smith*, 418 So.2d 534 (La. 1982). [*id*, p. 18]

Citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsel argued the that trial counsel's failure to object to this "inadmissible evidence" amounted to ineffective assistance of counsel and violated petitioner's rights under the Sixth Amendment to the United States Constitution and Article I, §13 of the Louisiana Constitution of 1974. [*id*.]

Petitioner also argued that the 25-year sentence was "unconstitutionally excessive" in that it violated La. Constitution art. 1, §20, as interpreted by various Louisiana Supreme Court cases. [doc. 7, pp. 20-21]

On March 4, 2005, petitioner filed a Reply Brief which addressed the State's "harmless error" argument with respect to the use of arrests to impeach the petitioner. Again, petitioner cited only La. C.E. art. 609.1 and *State v. Jackson, supra*, as support for his argument. [doc. 7, pp. 35-39]

On June 1, 2005 petitioner's conviction and sentence were affirmed in an unpublished opinion. *State of Louisiana v. Joseph Augustine, Jr.*, 2004-01659 (La. App. 3 Cir. 6/1/2005), 903 So.2d 25 (Table). [See also Slip Opinion, doc. 7, pp. 40-50] In resolving the first assignment of error, the appeals court observed,

> In his first assignment of error, the defendant argues that his conviction 'is tainted by reversible error because the State relied on prior arrests, not convictions, as proof that [he] used a knife in the robbery charged by the State.' As a part of this assignment of error, the defendant argues that his counsel was ineffective in failing to object to this evidence.
>
> \*   \*   \*
>
> The defendant's counsel did not object to this line of questioning. Because there was no contemporaneous objection made at trial, we restrict our review to the defendant's ineffective assistance of counsel claim. See La.Code Crim. P. art. 841. [doc. 7, pp. 43-44; 42]

As to the ineffective assistance of counsel claim, the court noted,

> ... the defendant is correct in arguing that the arrest evidence presented at trial was the type prohibited under La. Code Evid. art. 609.1. Therefore, because the defendant's trial attorney failed to object to the inadmissible impeachment evidence, the attorney's performance was deficient.
>
> The defendant failed to allege that his attorney's deficient performance with regards to the 'other crimes' evidence prejudiced the outcome of the trial. Moreover, even without the defendant's arrest record, there is sufficient evidence

in the record to support a finding that the defendant used a weapon. Also, the defendant's credibility was questionable before he testified concerning his prior arrests: (1) he had admitted to taking drugs, (2) he had admitted to being a thief, and (3) he had admitted to being a liar. Thus, the defendant failed to satisfy the second prong of the *Strickland* analysis; therefore this assignment of error is without merit. [doc. 7, pp. 47-48]

Finally, analyzing petitioner's excessiveness of sentence claims under Louisiana law, the appeals court determined that the assignment was without merit. [doc. 7, pp. 48-50]

On June 30, 2005, petitioner's court-appointed appellate counsel applied for a writ of *certiorari* in Louisiana's Supreme Court. [doc. 7, pp. 1-12] Counsel abandoned his claims of ineffective assistance of counsel and excessiveness of sentence and argued only a single assignment of error–

> The Third Circuit erred in that it held the illegal use of arrests to infer use of a weapon in this case, where there were no convictions associated with a weapon, would not invalidate a conviction because the court concluded other evidence had established guilt. [doc. 7, p. 7]

On February 10, 2006 his writ application was denied. *State of Louisiana v. Joseph Augustine*, 2005-1755 (La. 2/10/2006), 924 So.2d 163.

Petitioner signed his federal petition on August 15, 2006 [doc. 1-3, p. 9]; his pleadings were post-marked August 16, 2006 [doc. 1-1, p. 9] and they were received and filed in this court on August 18, 2006. Petitioner argued two claims for relief – (1) the trial court erred in allowing the use of prior arrests to establish an element of armed robbery, namely that he was armed with

a weapon during the commission of the offense; and, (2) excessiveness of sentence. [doc. 1-3][1]

On September 14, 2006 petitioner filed a Motion requesting appointment of counsel. [doc. 5]

*Law and Analysis*

*1. Appointment of Counsel*

Petitioner requested the appointment of counsel "...because of his inability to properly litigate the complex legal issues this concern presents..." [doc. 5, p. 1] The court may appoint counsel to represent an inmate pursuing federal *habeas corpus* relief. 28 U.S.C. § 2254; Rules 6(a) and 8(c), RULES GOVERNING SECTION 2254 CASES; and 18 U.S.C. § 3006A. Nevertheless, there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences. *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). See also *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); and *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992).

Of course, if an evidentiary hearing is ordered, the court must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the district court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim. *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). See *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that in

---

[1] More specifically he articulated these claims as follows: "(1)The Third Circuit erred in that it held the illegal use of arrests to infer use of a weapon in this case, where there were no convictions associated with a weapon, would not invalidate a conviction because the court concluded other evidence had established guilt." [doc. 1-3, p. 3] (2) "The sentence of 25 years at hard labor is unconstitutionally excessive where the offense was more like a purse snatching than an armed robbery." [doc. 1-3, p. 4]

the context of a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants).

The undersigned finds that at this time, petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claim. Further, as is shown hereinafter, dismissal of petitioner's claims is recommended and therefore appointment of counsel would serve no useful purpose.

## *2. Procedural Default*

The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5 Cir.1996). However, a petitioner can rebut this presumption by

establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5 Cir.1996). The burden is on the petitioner to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5 Cir.1999); *Amos v. Scott*, 61 F.3d 333, 342, (5 Cir.1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

Petitioner's first claim for relief – concerning the introduction of evidence of prior arrests in violation of La. C.E. art. 609.1 – was argued as Assignment of Error Number 1 on direct appeal. [see doc. 7, p. 16] The Third Circuit, relying on Louisiana's contemporary objection rule, La.C.Cr.P. art. 841, refused to address the merits of this claim because "... defendant's counsel did not object to this line of questioning." See *State of Louisiana v. Joseph Augustine, Jr.*, 2004-01659 (La. App. 3 Cir. 6/1/2005), 903 So.2d 25 (Table). [See also Slip Opinion, doc. 7, p. 46]

Art. 841 provides, "An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence." The Louisiana courts have consistently and uniformly applied this "contemporaneous objection rule" to bar review of untimely evidentiary challenges. *State v. Nellon*, 04-1253 (La .App. 5 Cir. 4/26/05), 902 So.2d 434; *State v. Jones*, 2003-0829 (La.App. 4 Cir. 12/15/04), 891 So.2d 760, *writ denied*, 2005-0124 (La.11/28/05) 916 So.2d 140; *State v. Adams*, 2004-0482 (La.App. 1 Cir. 10/29/04), 897 So.2d 629, *writ denied*, 2005-0497 (La.1/9/06), 918 So.2d 1029; *State v. Smith*, 04-340 (La.App. 5 Cir. 10/26/04), 888 So.2d 280; *State v. Pickett*, 2003-1492 (La.App. 3 Cir. 5/26/04), 878 So.2d 722; *State v. Millien*, 2002-1006 (La.App. 1 Cir. 2/14/03), 845 So.2d 506; *State v. Lyons*, 01-719 (La.App. 5 Cir. 11/14/01), 802

So.2d 801; *State v. Johnson*, 2000-1528 (La.App. 4 Cir. 2/14/01), 780 So.2d 1140, *writ denied* 807 So.2d 854; *State v. Freeman*, 2000-238 (La.App. 3 Cir. 10/11/00), 770 So.2d 482, *writ denied*, 2000-3101 (La.10/5/01), 798 So.2d 963; *State v. Williams*, 1998-1947 (La.App. 4 Cir. 8/23/00), 769 So.2d 629; *State v. Hollins*, 99-278 (La.App. 5 Cir. 8/31/99), 742 So.2d 671, *writ denied*, 1999-2853 (La.1/5/01), 778 So.2d 587; *State v. Cooks*, 1997-0999 (La.9/9/98), 720 So.2d 637, *rehearing denied, cert. denied*, 526 U.S. 1042, 119 S.Ct. 1342, 143 L.Ed.2d 505, *rehearing denied* 526 U.S. 1128, 119 S.Ct. 1789, 143 L.Ed.2d 816.

Further, the United States Supreme Court has determined that the violation of a state's contemporaneous objection rule provides sufficient grounds to support dismissal of a subsequent federal *habeas* petition as procedurally defaulted. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1984).

The Third Circuit Court of Appeal was the last state court to address the petitioner's evidentiary claim; that court declined to review the merits of the claim and chose instead to invoke the petitioner's procedural default.[2] Since it is apparent that the courts of Louisiana regularly invoke the procedural default codified in La.C.Cr.P. art. 841, Federal *habeas corpus* review of this claim is prohibited by the procedural default doctrine.[3]

---

[2] The Louisiana Supreme Court's subsequent one-word writ denial is presumed to have been based upon the same procedural default identified by the Third Circuit Court of Appeals. See *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (Where there has been a reasoned state court judgment which explicitly rejects the federal claim on state procedural grounds, subsequent unexplained judgments upholding the previous judgment or rejecting the claim are presumed to rely upon the same ground.)

[3] Of course, on direct appeal, petitioner also framed the issue as an ineffective assistance of counsel claim and the merits of that claim were in fact addressed by the court of appeals. Nevertheless, he has not argued ineffective assistance of counsel in his federal *habeas corpus* petition. As is shown hereinafter, petitioner's ineffective assistance of counsel claim has been considered by the undersigned, albeit in a different context.

In order to overcome this procedural bar, petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

On direct appeal, petitioner argued ineffective assistance of counsel based on counsel's failure to timely object to the alleged evidentiary error. Presumably, petitioner would now argue that the "cause" for his procedural default was the ineffective assistance rendered by his trial attorney. Although an attorney's failure to make timely objections may constitute "cause" for a procedural default, the petitioner must show that counsel's failure amounted to ineffective assistance of counsel. *Cotton v. Cockrell*, 343 F.3d 746, 754 (5th Cir.2003), *cert. denied*, *Cotton v. Dretke*, 540 U.S. 1186, 124 S.Ct. 1417, 158 L.Ed.2d 92 (2004).

Supreme Court jurisprudence holds that " 'cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. at 753, 111 S.Ct. 2546, 115 L.Ed.2d 640. Thus, "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error .' " *Coleman*, 501 U.S. at 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). While ineffective assistance of counsel may be sufficient cause for excusing a procedural default, "attorney error short of ineffective assistance of counsel" in the constitutional sense "does not constitute cause for a procedural default ... " *Murray*, 477 U.S. at 492, 106 S.Ct. 2639, 91 L.Ed.2d 397; see *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000). "In other

words, ineffective assistance adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim," which generally must first be raised in state court. *Id.* (citing *Murray*, 477 U.S. at 489, 106 S.Ct. 2639, 91 L.Ed.2d 397).

In order to show prejudice in this context, petitioner must establish that his attorney's errors were so deficient as to render the verdict fundamentally unfair or unreliable. See *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842-43, 122 L.Ed.2d 180 (1993); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); see also *Carter v. Johnson,* 131 F.3d 452, 163 (5 Cir.1997) (In order to show "actual prejudice" a *habeas* petitioner "must show that the prejudice rendered the trial fundamentally unfair or unreliable.")

A showing of prejudice requires the petitioner to prove not merely that the omission created a <u>possibility</u> of prejudice, but that it worked to his actual and substantial disadvantage. See *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Russell v. Collins*, 944 F.2d 202, 205 (5th Cir.), *cert. denied*, 501 U.S. 1278, 112 S.Ct. 30, 115 L.Ed.2d 1112 (1991).

Petitioner now argues that the admission of the objectionable evidence prejudiced him because it allowed the State to establish the crucial element of armed robbery, namely that petitioner was armed at the time of the offense.[4] [doc. 1-3, p. 5] The record belies this allegation. The Third Circuit observed that petitioner did not demonstrate that his attorney's failure to object to the evidence in question was prejudicial. [doc. 7, p. 48] According to that court, there was

---

[4] Petitioner claims prejudice as follows, "The only issue for the jury in this case was whether Joseph had a weapon. The Defendant denied having a weapon. The prosecution did not and could not prove that Joseph had a weapon. The prosecution did not prove the dangerous weapon of armed robbery, therefore the conviction cannot stand." [doc. 1-3, p. 5]

other evidence which was sufficient to establish that petitioner was armed at the time of the offense, including the testimony of the victim, Mr. Huval, and two eye witnesses, Mr. Champagne and Mr. Berard. [doc. 7, pp. 42-43] Petitioner's contention that but for the inadmissible evidence, there was no other evidence to establish that he was armed with a dangerous weapon at the time of the offense, is clearly and manifestly refuted by the record.

In short, petitioner has not shown prejudice sufficient to overcome the procedural default of his evidentiary claim.

## 2. Exhaustion

28 U.S.C. §2254 states, in pertinent part:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that –</u>
> (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \*     \*     \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254.

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the

enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the <u>highest</u> state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim in the Louisiana courts, a federal litigant must have raised the substance of his federal constitutional claim in the Louisiana Supreme Court.

In his second claim for relief petitioner argues excessiveness of sentence. He raised this claim as Assignment of Error No. 2 on direct appeal. [doc. 7, p. 16] However, following the Third Circuit's rejection of this claim petitioner failed to raise the claim in his application for

writs in the Supreme Court. [doc. 7, pp. 1-12] Since his excessiveness of sentence claim was not argued in the Louisiana Supreme Court, the claim was not properly exhausted as required by §2254(b)(1)(A).

Furthermore, while petitioner raised his evidentiary claim in both the Third Circuit Court of Appeals and the Louisiana Supreme Court, he did not argue that the alleged error was a violation of the Constitution and laws of the United States.[5] As previously noted, to have exhausted state remedies, a federal *habeas* petitioner must have fairly presented <u>the substance of his federal constitutional claims to the state courts</u>. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any <u>federal constitutional claim</u> presented to the state courts be supported by the same factual allegations and <u>legal theories</u> upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Thus, it appears that petitioner's excessiveness of sentence claim was not properly exhausted because petitioner did not raise the claim in the Louisiana Supreme Court; and, his evidentiary claim, in addition to having been procedurally defaulted, is also subject to dismissal under the exhaustion doctrine since petitioner raised only Louisiana law claims in both the Court of Appeals and the Supreme Court.

While petitioner's excessiveness of sentence and evidentiary error claims remain unexhausted, both could be said to be "technically exhausted" since petitioner cannot now

---

[5] On direct appeal to the Third Circuit, petitioner argued that the erroneous admission of evidence of his prior arrests violated Louisiana law – La. C.E. art. 609.1, *State v. Jackson*, 98-277 (La. App. 3 Cir. 2/3/99), 734 So.2d 658 and *State v. Smith*, 418 So.2d 534 (La. 1982). [doc. 7- pp. 17-20; doc. 7, pp. 37-38] At no time did he contend that the evidentiary error was violative of Federal law. In his application for writs in the Louisiana Supreme Court, petitioner also argued only violations of Louisiana law. [doc. 7, pp. 2-12]

litigate either of those claims anew in the Louisiana courts.[6] *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570-71 n. 28, 71 L.Ed.2d 783 (1982); 28 U.S.C. §2254(c).

However, when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are normally barred from reviewing those claims. See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), "[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, ... [then] there is a procedural default for purposes of federal *habeas*...." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1.

It is reasonable to conclude that petitioner is now unable to litigate either of his present federal *habeas corpus* claims in the courts of Louisiana. Therefore, his second claim for relief, just like the first, must be considered procedurally defaulted. See *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir.1993), (cited with approval in *Sones v. Hargett*, 61 F3d 410, 416 (5th Cir. 1995)), ("[I]f it is obvious that the unexhausted claim would be procedurally barred in state court, we

---

[6] Petitioner could not now raise this claim in the Louisiana Supreme Court on direct appeal. Supreme Court Rule X, §5(a) provides: "<u>An application seeking to review a judgment of the court of appeal</u> ... shall be made within <u>thirty days</u> of the mailing of the notice of the original judgment of the court of appeal... <u>No extension of time therefor will be granted</u>." (Emphasis supplied) Nor could he raise this excessiveness of sentence claim in an Application for Post-Conviction Relief since under Louisiana law, claims of sentencing error, including claims of excessiveness of sentence cannot be raised in an Application for Post-Conviction Relief. *State ex rel Melinie v. State*, 665 So.2d 1172 (La. 1996) In *Melinie*, the Louisiana Supreme Court ruled that La.C.Cr.P. art. 930.3 sets forth the exclusive grounds for granting post-conviction relief and does not provide a basis for post-conviction review of sentencing errors. Instead, sentencing errors must be challenged on direct appeal.
Nor could petitioner seek to re-litigate the federal component of his evidentiary claim. As shown above, that claim, whether raised as a state or federal claim would be subject to dismissal as procedurally defaulted due to counsel's failure to preserve the error on appeal by way of a contemporaneous objection. Further, even if petitioner could surmount that hurdle, any future attempt to raise this claim in an Application for Post-Conviction Relief would likely be dismissed as repetitive under La. C.Cr.P. art. 930.4(A) ("... any claim for relief which was fully litigated in an appeal ...shall not be considered."), (D) (A successive application may be dismissed if it fails to raise a new or different claim.") or (E) (" A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.")

will forego the needless 'judicial ping- pong' and hold the claim procedurally barred from *habeas* review").

As noted above, in order for petitioner to avoid a procedural bar by showing cause and prejudice, the petitioner must show that "some objective factor <u>external to the defense</u>" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)(quoting, *Murray*, 477 U.S. at 488) (emphasis supplied). In this case, petitioner can fault only appellate counsel for his failure to include the excessiveness of sentence claim in his writ application to the Louisiana Supreme Court.

Nevertheless, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar." *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted). "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); See also *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Even if petitioner were to establish cause for his default, it appears unlikely that he could establish prejudice since he has provided no reason to suspect that the Supreme Court would have ruled favorably on his excessiveness of sentence claim.[7]

---

[7] Indeed, it appears highly unlikely that petitioner's excessiveness of sentence claim would have been successful had it been raised in the Supreme Court. Under Louisiana law, as articulated by the Louisiana Supreme Court, "A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. (citation omitted) A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. (citation omitted) The sentence imposed will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. (citation omitted)" *State v. Lobato*, 603 So.2d 739, 751 (La. 1992). The sentence complained of was within statutory limits; the trial court clearly articulated its reasons for imposing the sentence; and, the sentence was clearly not grossly disproportionate.

In order to show that a failure to consider the claims will result in a "fundamental miscarriage of justice" the *habeas* petitioner must show, "... as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635 (5th Cir.1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995). To establish such actual innocence, petitioner must "support his allegations with new, reliable evidence that was not presented at trial and must show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). Petitioner maintains that he was not guilty of armed robbery because he denies that he was armed with a dangerous weapon at the time of the offense. Nevertheless, he has not produced any evidence of the quality required by the jurisprudence to support, much less establish such an allegation. He is not entitled to federal review of his unexhausted, procedurally defaulted federal claims.

In short, neither of the petitioner's *habeas corpus* claims were properly exhausted. His evidentiary claim was explicitly dismissed as procedurally defaulted and it, along with his excessiveness of sentence claim are technically exhausted since petitioner cannot now litigate these claims in the courts of Louisiana. Nevertheless, these technically exhausted claims are now procedurally defaulted and since petitioner can show neither cause nor prejudice nor actual innocence, these claims should be dismissed with prejudice as procedurally defaulted.

Therefore

**IT IS ORDERED** that petitioner's Motion for Appointment of Counsel [doc. 5] is **DENIED;** and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioners claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, on January 5, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)